Filed 7/6/23  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080582 |
| v. | (Super.Ct.No. 16CR027036) |
| JOSE PEDRO GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jose Pedro Garcia appeals from a postjudgment order denying a petition for resentencing under Penal Code[1] former section 1171/1171.1.[2] Appointed appellate counsel filed an opening brief and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)*; Anders v. California* (1967) 386 U.S. 738 (*Anders*).) We affirm.

## PROCEDURAL BACKGROUND

Defendant was charged by second amended information with second degree robbery (§ 211, count 1) and attempted carjacking (§§ 664, 215 subd. (a), count 2). As to both counts, the information alleged that he committed the crime for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) It also alleged that defendant had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and one prior serious felony conviction (§ 667, subd. (a)(1)), and that he had served two prior prison terms (§ 667.5, subd. (b)).

On February 27, 2017, pursuant to a plea agreement, defendant pled no contest to count 1 and admitted the gang enhancement. Pursuant to the agreement, the court dismissed the remaining counts and allegations and sentenced defendant to the low term

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Section 1171 was amended and renumbered 1172.7 (Stats. 2022, ch. 58, § 11, eff. June 30, 2022), and section 1171.1 was amended and renumbered 1172.75 (Stats. 2022, ch. 58, § 12, eff. June 30, 2022).

of two years on count 1 and 10 years on the gang enhancement, for a total term of 12 years in state prison.

On or about April 21, 2022, a resentencing petition pursuant to former sections 1171/1171.1 was "generated from a list sent to the [t]rial court" from the Department of Corrections for those defendants "who they deem eligible for resentencing."[3]  Because the petition was "generated from" a list sent to the trial court, no actual petition was submitted.[4]  The petition was placed on calendar.

The court held a hearing on the resentencing petition on January 25, 2023.  The prosecutor initially argued that defendant was not eligible for resentencing since he received the benefit of his bargain with his 12-year sentence.  The court asked if it was a question of whether defendant was eligible for resentencing, or a question of whether the court should exercise its discretion to grant relief in the interest of justice.  The prosecutor then requested the court to find "that any striking or dismissal of the enhancement would not be in the interest of justice."  Defense counsel asked the court to exercise its discretion to strike the gang enhancement under section 1385.  He also argued there was an insufficient basis for the gang enhancement, under the current state of the law.  The

---

[3]  Penal Code section 1172.7 (former § 1171) concerns the invalidity of sentence enhancements imposed under Health and Safety Code section 11370.2.  Penal Code section 1172.75 (former § 1171.1) concerns the invalidity of sentence enhancements imposed under Penal Code section 667.5, subdivision (b).  We observe that the court here did not impose enhancements under either of these statutes.

[4]  Accordingly, the clerk's transcript does not contain a petition for resentencing pursuant to sections 1171 and 1171.1 as part of the record.

court asked whether defendant had appealed the case, and defendant responded, "No, sir. [¶] . . . [¶] The prison system sent me a letter, saying that I'm eligible to be resentenced." The court stated its understanding that there was a codefendant in the robbery and that during the commission of the robbery they both yelled, "Verdugo." The prosecutor confirmed. Defense counsel reiterated, "[W]e just ask the Court to exercise any and all discretion, whether it be 1385 or any changes in the law, to strike the gang enhancement or resentence him in any appropriate manner."

The court stated its understanding that even though there was a plea, it had the discretion to review the circumstances and set aside the gang enhancement if it was in the interest of justice. The court noted there had been a recent change in the law regarding gang cases, and if the case were to go to trial currently, there would be "different factors at play." However, this was a plea case from 2017, and "the appeal avenues have been exhausted." The court observed that defendant had committed a serious offense (robbery), and he had one prior strike and could have received 20 years if it had been applied. However, the court's biggest concern was that the gang enhancement was "tied to the facts of the crime, specifically by yelling out the word 'Verdugo' during the commission." The court concluded it was not in the interest of justice to strike the gang enhancement based on defendant's prior record, and on the circumstances that the crime was apparently gang-related and defendant "got 12 years instead of over 20."

Defendant filed a timely notice of appeal of the denial of his petition.

4

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra,* 386 U.S. 738, setting forth a statement of the case, and identifying the following potential arguable issue: whether the trial court erred in declining to dismiss the gang enhancement in the interest of justice.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.[5] Although he has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record in the interest of justice. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct [] its own independent review of the record in any individual section 1172.6 appeal."] *id.* at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal"].)[6]

---

[5] The notice we sent defendant cited *Wende* after appointed counsel had filed a brief pursuant to *Wende*. Defendant reasonably could have concluded from this notice that the *Wende* procedures would apply and that we would conduct an independent review of the record, even absent a supplemental brief. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 (*Delgadillo*).) The notice did not inform him that the appeal would be dismissed as abandoned if no supplemental brief was filed. Since the notice did not give him clear notice that we would dismiss the appeal as abandoned if no supplemental brief was received, the notice "was suboptimal." (*Ibid.*)

[6] Although this petition did not involve section 1172.6, we discern no reason not to apply the same procedures to this appeal.

We have examined the entire record and found no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>FIELDS</u>                     
J.


We concur:


<u>CODRINGTON</u>          
Acting P. J.


<u>RAPHAEL</u>             
J.